IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALFRED FLETCHER,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. 2:17-cr-00453-DN<br><br>District Judge David Nuffer |

Defendant Alfred Fletcher filed a motion seeking compassionate release and reduction of his sentence to time served.[1] The government opposes Mr. Fletcher's Motion[2] and the United States Probation Office deferred to the court in its recommendation.[3] Because Mr. Fletcher's circumstances constitute extraordinary and compelling reasons to justify compassionate release, his Motion[4] is GRANTED.

## DISCUSSION

### Mr. Fletcher's Motion is procedurally proper

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court him or herself."[5] However, to file such a motion, a defendant must have "fully exhausted all

---

[1] Motion for Compassionate Release ("Motion"), docket no. 107, filed June 25, 2020.

[2] United States' Opposition to Defendant's Emergency Motion for Compassionate Release and Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(1) ("Response"), docket no. 113, filed July 23, 2020.

[3] First Step Act Relief Recommendation ("Recommendation"), docket no. 115, filed under seal July 30, 2020.

[4] Docket no. 107, filed June 25, 2020.

[5] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F.Supp.3d 1185, 1187 (D. N.M. 2019)).

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[6] If one of these requirements is satisfied, "a court may reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction,' and that such reasons 'could not reasonably have been foreseen by the court at the time of sentencing.'"[7] In making this determination, the court must also consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable.[8]

Mr. Fletcher submitted requests for relief under the First Step Act to the Warden at FCI Sheridan in December 2019, on January 30, 2020, and on May 14, 2020.[9] The Warden approved Mr. Fletcher's initial request to allow him to provide care for his terminally ill wife.[10] However, Mr. Fletcher's wife died prior to the Warden filing a motion on Mr. Fletcher's behalf.[11] The Warden did not respond to Mr. Fletcher's subsequent requests for relief.[12] And Mr. Fletcher filed his Motion on June 25, 2020.

Because more than 30 days have passed since Mr. Fletcher submitted his requests to the Warden, his Motion is procedurally proper and its merits may be addressed.[13]

---

[6] 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

[7] *Williams*, 2020 WL 806026, *1 (quoting 18 U.S.C. § 3582(c)(1)(A)(i); 28 C.F.R. § 571.60).

[8] 18 U.S.C. § 3582(c)(1).

[9] Motion at 3; Inmate Request to Staff, docket no. 108-1, filed June 30, 2020; Recommendation.

[10] Motion at 12.

[11] *Id*.

[12] Inmate Request to Staff.

[13] Recommendation; 18 U.S.C. § 3582(c)(1)(A).

## Mr. Fletcher's circumstances constitute extraordinary
## and compelling reasons to justify compassionate release

Mr. Fletcher argues that because his medical conditions and age place him in the high risk category of suffering serious complications or death if he contracts COVID-19, and because his stepdaughter is suffering from serious complications from a traumatic car accident and in need of his care, extraordinary and compelling reasons exist to warrant compassionate release.[14] The phrase "extraordinary and compelling reasons" is not defined in the statute. However, the United States Sentencing Commission ("USSC") has defined the phrase "to include serious medical conditions and the age of the defendant,"[15] and circumstances where a member of the defendant's family is in need of a caregiver.[16] The USSC policy statement also provides that "extraordinary and compelling reasons" include circumstances where "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the defendant's medical conditions, age, and family circumstances.[17] The USSC policy statement is not binding for purposes of Defendant's Motion.[18] But it does provide helpful considerations for determining whether Mr. Fletcher's circumstances constitute extraordinary and compelling reasons to warrant relief.

Mr. Fletcher is 61 years old and suffers from respiratory and pulmonary issues, including asthma.[19] Mr. Fletcher's age and medical condition place him at high risk category of suffering

---

[14] Motion at 1, 3, 11-13.

[15] *Williams*, 2020 WL 806026, *1 (quoting *United States v. Gutierrez*, No. CR 05-0217 RB, 2019 WL 2422601, *2 (D. N.M. June 10, 2019)).

[16] U.S.S.G. 1B1.13 at Commentary Application Notes 1(A)-(C).

[17] *Id*. at Commentary Application Notes 1(D).

[18] *United States v. Maumau*, No, 2:08-cr-00758-TC-11, 2020 WL 806121, *4 (D. Utah Feb. 18, 2020).

[19] *Id*. at 3, 11, 14-15; Bureau of Prisons Heath Records 2019, docket no. 111-1, filed under seal July 14, 2020; Bureau of Prisons Health Records 2020, docket no. 111-2, filed under seal July 14, 2020; Recommendation. Mr. Fletcher also asserts that he suffers from COPD, but his medical records to not include a COPD diagnosis. Reply in Support of Motion for Compassionate Release ("Reply") at 2, docket no. 114, filed July 29, 2020.

serious complications or death if he contracts COVID-19.[20] The government acknowledges this increased risk and concedes that Mr. Fletcher's diagnosis establishes extraordinary and compelling reasons to justify further inquiry.[21]

The Bureau of Prisons has implemented stringent protocols in order to stop any spread of COVID-19 to inmates and staff.[22] Nevertheless, Mr. Fletcher's living conditions at FCI Sheridan include being housed in a two person cell and use of common areas with other inmates, which inhibit his ability to maintain CDC recommendations for social distancing.[23] And while facial masks are provided to inmates, their use is not enforced.[24] The government concedes that inmates contracting COVID-19 is inevitable.[25] Indeed, when Mr. Fletcher filed his Motion, FCI Sheridan had no confirmed COVID-19 cases among inmates or prison staff.[26] Since that time, inmates at FCI Sheridan have tested positive for the virus. Currently, two inmates have confirmed active COVID-19 cases at FCI Sheridan.[27]

On the other hand, Utah saw a spike in confirmed COVID-19 cases in the month of July, with multiple days of record numbers of confirmed positive cases.[28] This spike now appears to be leveling off.[29] But the area in which Mr. Fletcher plans to reside if released—Magna, Utah—is located in a county with increased case rates and the state's highest number of confirmed

---

[20] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Aug. 7, 2020).

[21] Response at 6, 8.

[22] https://www.bop.gov/coronavirus (last visited Aug. 7, 2020).

[23] Motion at 9.

[24] *Id*.

[25] Response at 5.

[26] Motion at 10.

[27] https://www.bop.gov/coronavirus (last visited Aug. 7, 2020).

[28] https://coronavirus.utah.gov/case-counts (last visited Aug. 7, 2020).

[29] *Id*.

cases, hospitalizations, and deaths.[30] However, Mr. Fletcher will be able to exercise more personal control over following CDC guidelines and recommendations if released.

On this record, Mr. Fletcher has not shown that he is clearly more likely to contract COVID-19 in custody than if released. But Mr. Fletcher's health risks associated with the COVID-19 pandemic are not the only consideration raised in his Motion. Mr. Fletcher is also seeking compassionate release to provide care for his stepdaughter.[31]

The Probation Office has confirmed that Mr. Fletcher's stepdaughter is 41 years old and unable to leave her residence due to multiple medical issues, including: anemia; chronic respiratory failure; hypertension; hypoxia; morbid obesity; obstructive sleep apnea; and pulmonary hypertension.[32] She is currently being cared for by her 20-year-old daughter, and is hoping Mr. Fletcher will be released to assist with her care.[33] The Probation Office has also confirmed that if granted relief, Mr. Fletcher will be permitted to reside with a friend in Magna, Utah, and that his prior employer would consider him for rehire.[34]

While Mr. Fletcher's ability to provide homecare assistance to his stepdaughter is diminished by his limited transportation options and income sources,[35] he will still be able to assist in providing her with much needed care. The government makes no attempt to argue that this is insufficient to justify granting Mr. Fletcher relief. Considering the combination of Mr. Fletcher's health risks if he contracts COVID-19 and his stepdaughter's need for care, Mr.

---

[30] *Id*.

[31] Motion at 1, 3, 12-13.

[32] First Step Act Relief Eligibility Report ("Report") ¶¶ 7-8, docket no. 112, filed under seal July 17, 2020.

[33] *Id*. ¶ 8.

[34] *Id*. at ¶¶ 9-10; Motion at 16; Individualized Reentry Plan, docket no. 107-2, filed June 25, 2020.

[35] Recommendation.

Fletcher's circumstances constitute extraordinary and compelling reasons to justify compassionate release.

Finally, the relevant factors set forth in 18 U.S.C. § 3553(a) support granting Mr. Fletcher compassionate release. Mr. Fletcher was convicted of one count of Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1).[36] He was sentenced to a prison term of 72 months,[37] which was 38 months below the low end of his guideline range.[38] He has served approximately 30 months of his prison term.[39] And he has a lengthy prior criminal history.[40] On this basis, the government argues that Mr. Fletcher still poses a danger to public safety and should be denied relief.[41]

However, Mr. Fletcher has been a model inmate; is in the low risk category for reoffending; and has attended and completed several therapeutic and educational courses while in prison, including the Non-Residential Drug Abuse Treatment Program.[42] And upon his release, Mr. Fletcher will be subject to a 60-month term of supervised release.[43] Moreover, the government's argument is undercut by the Probation Office's deferral in providing its recommendation;[44] the prior approval by the Warden of FCI Sheridan for the filing of a motion

---

[36] Judgment in a Criminal Case ("Judgment") at 1, docket no. 93, filed Jan. 26, 2018.

[37] *Id*. at 2.

[38] Report at 3.

[39] Recommendation.

[40] Presentence Investigation Report ("PSR") ¶¶ 31-49, docket no. 89, filed under seal Jan. 16, 2018.

[41] Response at 8-9.

[42] Motion at 15; Recommendation; Inmate Education Data Transcript, docket no. 108-2, filed June 30, 2020; Federal Bureau of Prisons Letter re: NRDAP Completion, docket no. 108-3, filed June 30, 2020; Report ¶¶ 14-16.

[43] Judgment in a Criminal Case at 3, docket no. 93, filed Jan. 26, 2018.

[44] Recommendation.

for compassionate release on Mr. Fletcher's behalf;[45] and the Bureau of Prison's scheduling Mr. Fletcher for early release.[46]

Considering the nature and circumstances of Mr. Fletcher's offense, his criminal history, the amount of time he has served on his prison sentence (and his use of that time to attend and complete therapeutic and educational courses), granting Mr. Fletcher compassionate release is consistent with the relevant factors of 18 U.S.C. § 3553(a).

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Mr. Fletcher's Motion[47] is GRANTED. Mr. Fletcher's term of imprisonment is reduced to the time he has already served.

IT IS FURTHER HEREBY ORDERED that Mr. Fletcher shall be released from the custody of the Federal Bureau of Prisons as soon as his release plan is implemented and travel arrangements can be made.

IT IS FURTHER HEREBY ORDERED that upon his release from the custody of the Federal Bureau of Prisons, Mr. Fletcher shall begin serving the 60-month term of supervised release previously imposed.

Signed August 10, 2020.

BY THE COURT

_David Nuffer_
David Nuffer
United States District Judge

---

[45] Motion at 12.

[46] Reply at 6.

[47] Docket no. 107, filed under seal June 25, 2020.